IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| BAYOU STEEL BD HOLDINGS, LLC, *et al.,* ) | |
| ) | Case No. 19-12153 (KBO) |
| Debtors. ) | |
| _____ ) | (Jointly Administered) |
| ) | |
| GEORGE L. MILLER, in his capacity as ) | |
| Chapter 7 Trustee of BAYOU STEEL BD ) | |
| HOLDINGS, L.L.C., *et al.,* ) | Adversary Proceeding No. 21-50207 (KBO) |
| ) | |
| Plaintiff, ) | |
| ) | JURY TRIAL DEMANDED |
| vs. ) | |
| ) | |
| DELTA FABRICATION & MACHINE INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT, DELTA FABRICATION & MACHINE INC.'S ANSWER TO COMPLAINT
FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS
PURSUANT TO 11 U.S.C. §§ 547 & 550**

Delta Fabrication & Machine Inc. (the "Defendant"), through its undersigned counsel, files the following Answer to Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550 (the "Complaint"), averring as follows:

**THE PARTIES**

1. The Defendant submits that no response is required to the averments in paragraph 1. To the extent a response is required, the averments in paragraph 1 are denied.

2. The averments in paragraph 2 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 2 are denied.

3. The averments in paragraph 3 are admitted.

**JURISDICTION AND VENUE**

4. The averments in paragraph 4 are admitted.

5. The averments in paragraph 5 are admitted.

6. Defendant submits that no response is required to the averments in paragraph 6. To the extent a response is required, the averments in paragraph 6 are denied. By way of further response, the Defendant does not consent to the entry of final orders or judgment by this Court if it is determined that consent of the parties is required by this Court to enter final orders or judgment consistent with Article III of the United States Constitution.

7. The averments in paragraph 7 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 7 are denied.

## BASIS FOR RELIEF REQUESTED

8. The Defendant is without sufficient information to admit or deny the averments in paragraph 8. To the extent a response is required, the averments in paragraph 8 are denied.

## FACTS

9. The Defendant is without sufficient information to admit or deny the averments in paragraph 9. To the extent a response is required, the averments in paragraph 9 are denied.

10. The Defendant is without sufficient information to admit or deny the averments in paragraph 10. To the extent a response is required, the averments in paragraph 10 are denied.

11. The averments in paragraph 11 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 11 are denied.

## FIRST CLAIM FOR RELIEF
### (Avoidance of Preferential Transfers - 11 U.S.C. § 547)

12. Paragraphs 1 through 11 are incorporated herein by reference.

13. The averments in paragraph 13 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 13 are denied.

14. The averments in paragraph 14 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 14 are denied.

15. The averments in paragraph 15 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 15 are denied.

16. The averments in paragraph 16 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 16 are denied.

17. The averments in paragraph 17 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 17 are denied.

18. The averments in paragraph 18 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 18 are denied.

19. The averments in paragraph 19 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 19 are denied.

20. The averments in paragraph 20 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 20 are denied.

21. The averments in paragraph 21 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 21 are denied.

### SECOND CLAIM FOR RELIEF
### (Recovery of Property - 11 U.S.C. § 550)

22. Paragraphs 1 through 21 are incorporated herein by reference.

23. The averments in paragraph 23 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 23 are denied.

24. The averments in paragraph 24 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 24 are denied.

### DEMAND FOR JURY TRIAL

The Defendant hereby demands trial by jury in this action of all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, the Defendant requests that this case be dismissed.

### AFFIRMATIVE DEFENSES

25. Paragraphs 1 through 24 are incorporated herein by reference.

26. Plaintiff fails to state a claim upon which relief can be granted.

27. All elements of a *prima facie* case under §§ 547 and 550 are not met.

28. At all relevant times, the Debtors were solvent.

29. Assuming, without conceding, that all of the elements of a *prima facie* case under 11 U.S.C. § 547(b) can be met, any and all transfers that the Defendant received are immune from avoidance by virtue of 11 U.S.C. § 547(c).

WHEREFORE, the Defendant requests that this case be dismissed.

Respectfully submitted,

LEECH TISHMAN FUSCALDO & LAMPL, LLC

Dated: April 5, 2021

By: */s/ Gregory W. Hauswirth*
Gregory W. Hauswirth (DE Bar No.5679)
1007 North Orange Street, 4th Floor
Wilmington, DE 19801
Telephone: 302.332.7181
Facsimile: 412.227.5551
ghauswirth@leechtishman.com

*and*

Patrick W. Carothers (PA Bar No. 85721)
525 William Penn Place, 28th Floor
Pittsburgh, PA 15219
Telephone: 412-261-1600
Facsimile: 412-227-5551
pcarothers@leechtishman.com

*Attorneys for Defendant, Delta Fabrication & Machine Inc.*